**THE NORTE.**

No. 21 of 1945.

District Court, E. D. Pennsylvania.
April 16, 1947.

For former opinion, see 69 F.Supp. 881.

**HOFFMAN BEVERAGE CO. v. UNITED STATES.**

No. 46662.

Court of Claims.
April 7, 1947.

150

Ferdinand Tannenbaum, of New York City, for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Sewall Key, Acting Asst. Atty. Gen. (Robert N. Anderson and Andrew D. Sharpe, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and MADDEN, JONES, WHITAKER and LITTLETON, Judges.

MADDEN, Judge.

The plaintiff is a manufacturer of soft drinks which it sells to thousands of dealers for resale to consumers. In the process of manufacturing it mixes small quantities of alcohol with the roots, berries, beans or oils of the various fruits or plants, together with water, and thus produces concentrated extracts of the various flavors desired. These flavoring extracts are then mixed with sugar and water to form syrups. The various kinds of soft drinks are made by placing small quantities of the flavored syrups in bottles and adding carbonated water.

The plaintiff claims that it is entitled to a drawback of $3.75 per gallon of the internal revenue tax of $6 per gallon which had been paid upon the alcohol which it used in manufacturing these flavoring extracts. It relies upon Section 3250($l$) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 3250($l$), which was enacted as Section 602 (f) of the Revenue Act of 1942. The part of that statute which calls for construction in this case reads as follows:

"($l$) Manufacturers or producers of designated nonbeverage products

"(1) In general. Any person using distilled spirits produced in a domestic registered distillery or industrial alcohol plant and fully tax-paid in the manufacture or production of medicines, medicinal preparations, food products, flavors, or flavoring extracts which are unfit for beverage purposes and are sold or otherwise transferred for use for other than beverage purposes upon payment of a special tax per annum, shall be eligible for drawback as hereinafter provided for."

It is agreed that the expression "beverage purposes" in the statute means use as an alcoholic drink, and that, therefore, the plaintiff's use of the alcohol was a "nonbeverage" use within the meaning of the statute.

The statute requires that the alcohol be used in manufacturing one of the named products, and that the product be "sold or otherwise transferred for use for other than beverage purposes," in order to entitle the user to the drawback. If, therefore, the plaintiff had made and sold medicine, or had sold as such the flavoring extracts which it made, it would be entitled to the drawback. But it made flavoring extracts and sold soft drinks into which it had inserted the flavoring extracts which it made, hence the Government says it did not make and sell any of the products listed in the statute. The plaintiff says, (1) that it does make and sell one of the items listed in the statute, viz. food products; (2) that it does make and sell another of the listed items, viz. flavoring extracts, when it makes its flavoring extracts, mixes them with carbonated water, and sells the mixture; (3) that it makes and "transfers for use" its flavoring extracts, when it makes them and then disposes of them by mixing them with carbonated water.

We think that the first two of the plaintiff's contentions are meritorious, and that it is entitled to a judgment on either of these grounds.

■ When Congress concluded that, in general, users of alcohol for purposes other than the manufacture of alcoholic drinks should not be required to pay, in addition to the former tax of $2.25 per gallon, the increase of $3.75 per gallon imposed, $1.75 of it in the Revenue Act of 1941, § 533, 26 U.S.C.A. Int.Rev.Acts, page 121, and $2 more in the Revenue Act of 1942, § 602, 26 U.S.C.A. Int.Rev.Acts, page 363, we can think of no reason why it would not have desired to give the benefits of its drawback provision to all those who came within its equity. If, for instance, it had been suggested that one who used small quantities of alcohol in making flavoring extracts to use in liquid mixtures of fruit juices or milk which he then froze into solid form and sold as sherbet or ice cream, should have the drawback, but one who made substantially the same mixture which he sold as a liquid drink should not have it, it would have been difficult to give a reason. Yet the solid substance would undoubtedly be within even the narrowest

interpretation of the statute, as a "food product." The liquid substance would have the same food values in it, and, we suppose, it would also be a "food product," though sold and consumed in liquid form. We think, then, that Congress in using the expression "food products" did not mean to define such products as to their form or their food value. Coffee, though in liquid form, and without any element of nourishment, would be covered by the word food in any statute except one which plainly distinguished between food and drink. We think, therefore, that the plaintiff's soft drinks containing small elements of food value, were "food products" within the language and the equity of the statute. There is nothing in the legislative history which suggests the contrary. Congress had in the past used the word "food" to include drinks. The Federal Food, Drug, and Cosmetic Act, c. 675, 52 Stat. 1040, 21 U.S.C.A. § 321, provides:

"Sec. 201. For the purposes of this Act
  *    *    *    *    *    *

"(f) The term 'food' means (1) articles used for food or drink for man or other animals, (2) chewing gum, and (3) articles used for components of any such article."

The Federal Trade Commission Act, c. 311, 38 Stat. 717, 52 Stat. 114, 15 U.S.C.A. § 55, contains the same language.

Since the plaintiff used the alcohol in question to manufacture soft drinks, which we hold to be "food products" within the meaning of the statute, and sold the soft drinks for use for other than beverage purposes, we conclude that it should have been given the drawback which it claimed, and may recover it here.

■ The plaintiff's second contention is that when it used alcohol in manufacturing flavoring extracts, then flavored carbonated water with the extracts and sold the mixture as soft drinks, it manufactured "flavoring extracts" which were "sold  *  *  * for use for nonbeverage purposes," and thus qualified for the drawback under the statute. We think this contention is right. We see no reason why Congress should have intended that the thing manufactured should be sold "as such" rather than in a combination which was still destined for a

nonbeverage use. The narrow construction which the Government contends for would result in purposeless discrimination. It would give an advantage to a manufacturer of flavoring extract who sold his products as such to a producer of soft drinks rather than himself producing the soft drinks. When the plaintiff put its flavoring extracts in its soft drinks and sold the soft drinks, it sold or transferred the flavoring extracts, literally, and also within the equity and purpose of the statute. Upon this ground also, we hold that the plaintiff is entitled to recover. The amount of the judgment is $62,275.83.

It is so ordered.

JONES, WHITAKER, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.