BOOTH BOTTLING CO., Inc., v. UNITED STATES.

No. 46366.

United States Court of Claims.

June 5, 1951.

Stanley Suydam, Washington, D. C., Dahlgren, Darragh & Close, Washington, D. C., on the brief, for plaintiff.

Joseph H. Sheppard, Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Section 602(f) of the Revenue Act of 1942, 56 Stat. 798, 972; 26 U.S.C., § 3250(*l*), provides that any person using distilled spirits which have been fully tax-paid in the manufacture of flavoring extracts, shall be eligible for the drawback of the tax paid on such distilled spirits if such extracts are sold or otherwise transferred for use for other than alcoholic beverage purposes. During the period November 1 to December 31, 1942, inclusive, plaintiff used in the manufacture of flavoring extracts 390.45 proof gallons of alcohol on which the plaintiff had paid the appropriate Internal Revenue distilled spirits tax of $3.75 per proof gallon in the total sum of $1,464.19. The flavoring extracts so produced, during the period above-mentioned, were not sold or otherwise transferred by plaintiff during that period but such flavoring extracts were used by plaintiff during a period subsequent to December 31, 1942, in the manufacture of carbonated beverages, commonly known as soft drinks, and such carbonated beverages were thereafter sold by plaintiff.

On February 6, 1943, plaintiff filed a claim for refund as a drawback of the tax paid on the 390.45 gallons which it had used in the manufacture of the flavoring extracts, on the ground, as set forth in the claim for refund, that "The products produced were sold or otherwise transferred for use for other than beverage purposes in the quarter next preceding the quarter in which the claim is filed." The Commissioner of Internal Revenue denied the claim on the ground that, under the facts, the ground stated in the claim was not sufficient to meet the requirements of the provisions of Section 602(f) (1) (5) of the Revenue Act of 1942, supra, and the provisions of Section 197.20–23, inclusive, of Treasury Regulations 29 (1942 Ed.). The statute under which the refund claim was filed and under which the refund of the drawback was claimed, provided as follows:

"(1) In general. Any person using distilled spirits produced in a domestic registered distillery or industrial alcohol plant and fully tax-paid in the manufacture or production of medicines, medicinal preparations, food products, flavors, or flavoring extracts which are unfit for beverage purposes and are sold or otherwise transferred for use for other than beverage purposes upon payment of a special tax per annum, shall be eligible for drawback as hereinafter provided for.

\* \* \* \* \* \*

"(5) Drawback. A drawback at the rate of $3.75 on each proof gallon shall be allowed on distilled spirits tax-paid and used as provided in this subsection and be due and payable quarterly upon filing of a proper claim with the Commissioner. No claim under this subsection shall be allowed unless filed with the Commissioner within the three months next succeeding the quarter for which the drawback is claimed."

On the merits, the right of a taxpayer to the refund of the distilled spirits tax, when such spirits are used in the manufacture of flavoring extracts, is controlled by the decision in Hoffman Beverage Company v. United States, 71 F.Supp. 147, 108

C.Cl. 504, but the question in this case is whether the right of plaintiff to the refund had come into existence during the period of the quarter for which it filed a claim for refund on February 6, 1943.

■ Under the facts, we are of the opinion that one of the conditions prescribed by the statute for the refund of the drawback was not satisfied. It is clear from a reading of the provisions of Section 602 (f) of the 1942 Act, which control this case, that in order for a taxpayer to become entitled to the drawback the products produced from the tax-paid distilled spirits must be sold or otherwise transferred for use for other than beverage purposes in the quarter next preceding the quarter in which the claim is filed. The facts in this case show that the only thing that happened during the quarter, that is, September 30 and December 31, 1942, was that plaintiff used the distilled spirits in the manufacture of flavoring extracts. Such flavoring extracts, so manufactured by plaintiff, were not sold or otherwise transferred by it during the period November 1, to December 31, 1942. Under the 1942 Act, the right to the refund of the tax paid on the distilled spirits accrued when the products manufactured therefrom "are sold or otherwise transferred for use for other than beverage purposes", and since plaintiff did not sell or otherwise transfer the flavoring extracts manufactured from the distilled spirits during the period for which the claim for refund was filed, it is not entitled to recover in this case.

■ The stipulation of facts show that the flavoring extracts, manufactured from the distilled spirits in question, were used by plaintiff subsequent to December 31, 1942, in the further manufacture of carbonated beverages and that such carbonated beverages were thereafter sold by plaintiff. Under these facts, the right of the plaintiff to the drawback accrued when it sold the product in the manufacture of which the flavoring extracts were used.

We cannot agree with the plaintiff that, under the terms of the 1942 Act, its right to the refund was conditioned upon the filing of a refund claim within three months next succeeding the quarter in which distilled spirits were used in the manufacture of a product unfit for beverage purposes. Under the statute, as we have pointed out, the right to the drawback was conditioned upon the sale or transfer of the product in the manufacture of which the distilled spirits were used, and the statute gave the manufacturer of such products the right to receive such drawback provided a claim therefor should be filed within three months "next succeeding the quarter for which the drawback is claimed." Under this provision the plaintiff had three months after the manufacture and sale of the carbonated beverages within which to file a claim for refund of the drawback of the distilled spirits tax it had paid upon the alcohol which had been used, first, in the manufacture of the flavoring extracts, and, secondly, in the manufacture of the carbonated beverages.

Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.